THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  | SECURITIES AND EXCHANGE
10 | COMMISSION,

CASE NO. C20-1434-JCC

FINAL JUDGMENT AS TO
DEFENDANT GOTHAM BOHRA

11 |                         Plaintiff,
            v.

12

13 | LAKSHA BOHRA, VIKY BOHRA, and
   | GOTHAM BOHRA,

14 |                         Defendants.

15

16        The Securities and Exchange Commission having filed a Complaint and Defendant

17 Gotham Bohra ("Defendant") having entered a general appearance; consented to the Court's

18 jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

19 Judgment without admitting or denying the allegations of the Complaint (except as to

20 jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact

21 and conclusions of law; and waived any right to appeal from this Final Judgment (Dkt. No. 3):

                                                    I.

22        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

23 permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

24 Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

25 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

26

1  interstate commerce, or of the mails, or of any facility of any national securities exchange, in

2  connection with the purchase or sale of any security:

3          (a)      to employ any device, scheme, or artifice to defraud;

4          (b)      to make any untrue statement of a material fact or to omit to state a material fact

5                   necessary in order to make the statements made, in the light of the circumstances

6                   under which they were made, not misleading; or

7          (c)      to engage in any act, practice, or course of business which operates or would

8                   operate as a fraud or deceit upon any person.

9          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

10  Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

11  receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

12  officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

13  participation with Defendant or with anyone described in (a).

14                                                  II.

15          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

16  is liable for disgorgement of $784,704.02, representing profits gained as a result of the conduct

17  alleged in the Complaint, together with prejudgment interest thereon in the amount of

18  $65,061.38, and a civil penalty in the amount of $784,704.02 pursuant to Section 21A of the

19  Exchange Act. Defendant shall satisfy this obligation by paying $1,634,469.42 to the Securities

20  and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph

21  III below after entry of the Final Judgment.

22          Defendant may transmit payment electronically to the Commission, which will provide

23  detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

24  from a bank account via Pay.gov through the SEC website at

25  http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

26

1  cashier's check, or United States postal money order payable to the Securities and Exchange

2  Commission, which shall be delivered or mailed to

3      Enterprise Services Center

4      Accounts Receivable Branch

5      6500 South MacArthur Boulevard

6      Oklahoma City, OK 73169

7  and shall be accompanied by a letter identifying the case title, civil action number, and name of

8  this Court; Gotham Bohra as a defendant in this action; and specifying that payment is made

9  pursuant to this Final Judgment.

10      Defendant shall simultaneously transmit photocopies of evidence of payment and case

11  identifying information to the Commission's counsel in this action. By making this payment,

12  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

13  of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant

14  to this Final Judgment to the United States Treasury.

15      The Commission may enforce the Court's judgment for disgorgement and prejudgment

16  interest by moving for civil contempt (and/or through other collection procedures authorized by

17  law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post

18  judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

19                  III.

20      Gotham Bohra shall pay the total of disgorgement, prejudgment interest, and penalty due

21  of $1,634,469.42 in 3 installments to the Commission according to the following schedule:  (1)

22  $544,823.14 within 30 days of entry of this Final Judgment; (2) $544,823.14 within 60 days of

23  entry of this Final Judgment; and (3) $544,823.14 within 90 days of entry of this Final Judgment.

24  Payments shall be deemed made on the date they are received by the Commission and shall be

25  applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid

26  amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set

1  forth herein, Gotham Bohra shall contact the staff of the Commission for the amount due for the

2  final payment.

3      If Gotham Bohra fails to make any payment by the date agreed and/or in the amount

4  agreed according to the schedule set forth above, all outstanding payments under this Final

5  Judgment, including post judgment interest, minus any payments made, shall become due and

6  payable immediately at the discretion of the staff of the Commission without further application

7  to the Court.

8                                          IV.

9      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

10  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

11  shall comply with all of the undertakings and agreements set forth therein.

12                                          V.

13     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

14  exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

15  allegations in the complaint are true and admitted by Defendant, and further, any debt for

16  disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

17  Final Judgment or any other judgment, order, consent order, decree or settlement agreement

18  entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

19  securities laws or any regulation or order issued under such laws, as set forth in Section

20  523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

21                                          VI.

22     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

23  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

24      //

25      //

26      //

1          DATED this 16th day of October 2020.

2

3

4          _____

5          John C. Coughenour
           UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

C20-1434-JCC
PAGE - 5